UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHARON C. REDDY,

                  Plaintiff,

       -against-

ALSTOM,

                  Defendant.

1:25-CV-9439 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Sharon C. Reddy, of Queens Village, Queens County, New York, filed this *pro se* action asserting claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 ("ADA"), and the New York State and City Human Rights Laws. She sues her employer, Alstom, of Jamaica, Queens County, New York. For the reasons discussed in this order, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the applicable venue provision for Plaintiff's claims under Title VII, the Rehabilitation Act, and the ADA, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); *see* 29 U.S.C. § 794a(a) (incorporating by reference, among other things, Title VII's venue provision for employment claims under the Rehabilitation Act); 42 U.S.C. § 12117 (same for claims under Title I of the ADA).

Plaintiff, who alleges that she is Indian and suffers from a spinal injury, also alleges that Alstom, her employer, is located in Jamaica, Queens County, New York, and, apparently, that her place of employment is her home in Queens Village, Queens County, New York. (ECF 1, at 2-4.) Queens County lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), not this judicial district.[1]

Plaintiff further alleges that she:

> was hurt on the job when a homeless man coming off the train was coming towards [her], causing [her] to back up and hit a bench. [Plaintiff] flew across the platform and since ha[s] sustained several injuries. After being off from work for some time, [she] returned to work with a doctor's note saying [she] should be on light duty. [Alstom's human resources department] and [Plaintiff's] manager told [her] there is no light duty in the workplace and if [Plaintiff] wanted to keep [her] job[,] [she] should get a note saying [that she] can return to work with full duty. [W]hile [Plaintiff] was working full duty with [her] injuries, other employees who were in [her] department who were injured on the job were given light duty. All were African Americans.

(ECF 1, at 5.)

Because Plaintiff seems to allege that the alleged unlawful employment practices occurred in Queens County, the United States District Court for the Eastern District of New York, this court, and the other two federal district courts within the State of New York, *see* § 112(a)-(d), are all proper venues for Plaintiff's claims under Title VII, the Rehabilitation Act, and the ADA. In addition, as the place in which the employment records relevant to such

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

practices appear to be maintained and administered, in which Plaintiff would have worked but for the alleged unlawful employment practices, and possibly, in which Alstom's principal office is located, are all in Queens County, for those reasons, the United States District Court for the Eastern District of New York, as opposed to this court, is a proper venue for such claims as well.

Claims under Section 1981, however, are governed by the general venue provision at 28 U.S.C. § 1391(b). *See Rosol v. N.Y.C. Hous. Auth.*, No. 1:25-CV-5183 (JMF), 2025 WL 1808897, at *1-2 (S.D.N.Y. July 1, 2025); *Evans v. Absolute Results*, No. 1:21-CV-0280 (LLS), 2021 WL 603227, at *2-3 (S.D.N.Y. Feb. 12, 2021); *Vukic v. Universal Prot. Serv. LLC*, No. 1:20-CV-0646 (CM), 2020 WL 8970536, at *1 (S.D.N.Y. Mar. 2, 2020). The same is true with respect to state-law claims. Under Section 1391(b), unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under that provision, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

Plaintiff seems to allege that Alstom, her employer, resides in Jamaica, Queens County, New York (ECF 1, at 2), which lies within the Eastern District of New York, *see* § 112(c). Thus, under Section 1391(b)(1), the United States District Court for the Eastern District of New York,

as opposed to this court, would appear to be a proper venue for Plaintiff's claims under Section 1981 and under state law.

In addition, Plaintiff seems allege that, while a substantial portion of the events giving rise to her claims under Section 1981 occurred in Queens County, in the Eastern District of New York, at least some of those events (those occurring in a train station) may have occurred in this judicial district. (ECF 1, at 5.) Thus, the United States District Court for the Eastern District of New York, and also possibly this court, are proper venues for Plaintiff's claims under Section 1981 and under state law.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Alstom, Plaintiff's employer and the sole defendant, is alleged to reside and be located within the Eastern District of New York, and a substantial portion of the alleged events took place in that judicial

4

district. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, which is a proper venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 14, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

5